# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARLOS GARCIA GARCIA, an individual, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> VALET PARKING PROFESSIONALS LLC, an Illinois limited liability company, ABSOLUTE VALET PARKING CORP., an Illinois corporation, and LUIS M. GONZALEZ, an individual, <br><br> Defendants. | Case No. 1:19-cv-0828 |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Carlos Garcia Garcia ("Plaintiff" or "Garcia"), on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorneys, Timothy M. Nolan and Samuel D. Engelson of the Nolan Law Office, complains against Valet Parking Professionals LLC, Absolute Valet Parking Corp., and Luis M. Gonzalez, (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff an overtime premium for hours worked over forty (40) in a workweek. Plaintiff and other similarly situated employees are current and former valet parking attendants at Defendants' valet parking business.

2. Plaintiff brings this case as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391 § (b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Garcia is a former employee of the Defendants' valet parking business. Plaintiff Garcia parked and retrieved cars at Defendants' valet parking location adjacent to the Chicago Cut Steakhouse located on North LaSalle Street in Chicago, Illinois from April, 2017 through December 1, 2018.

6. During the course of his employment, Plaintiff Garcia regularly used and handled goods and materials, including rental and leased vehicles, which moved in interstate commerce prior to being used in Illinois.

7. Plaintiff Garcia resides in and is domiciled in this judicial district.

8. Defendant Valet Parking Professionals LLC ("Valet Parking Professionals") is an Illinois limited liability company that is engaged in the valet parking business and operates multiple valet parking locations at restaurants and businesses located throughout this judicial district including a location adjacent to the Chicago Cut Steakhouse in Chicago, Illinois.

9. Defendant Valet Parking Professionals is registered in Illinois as a limited liability company with its manager, principal office and registered agent located within this judicial district.

10. Defendant Absolute Valet Parking Corp. ("Absolute Valet Parking") is an Illinois corporation that operated a valet parking business including multiple valet parking locations at restaurants and businesses located throughout this judicial district including a location adjacent to the Chicago Cut Steakhouse in Chicago, Illinois.

11. Defendant Absolute Valet Parking is registered in Illinois as a corporation with its officers, principal office and registered agent located within this judicial district.

12. Upon information and belief, Defendants have earned more than $500,000 in annual gross revenue during 2017 and 2018.

13. Defendant Luis M. Gonzalez ("Gonzalez") is an owner and manager of Defendants, Valet Parking Professionals and Absolute Parking.

14. At all times relevant to this action, Defendant Gonzalez possessed extensive oversight over Defendants' valet parking locations and the business operations of Valet Parking Professionals and Absolute Valet Parking. Defendant Gonzalez was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; he supervised and controlled employee work schedules or conditions of employment; he determined rate and method of payment; and, he maintained employment records.

15. Upon information and belief, Defendant Gonzalez resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

16. Between approximately April, 2017 and April 2018, Plaintiff Garcia worked at Defendants' valet parking business six (6) days per week, Monday through Saturday, from approximately 3:00 p.m. to 11:00 p.m. Plaintiff Garcia typically did not work Sunday. Based on this schedule, Plaintiff Garcia was scheduled to work and did regularly work forty-eight (48) hours per week at Defendants' valet parking business between April, 2017 and April, 2018.

17. Between approximately April, 2018 through September, 2018, Plaintiff Garcia continued to work at Defendants' valet parking business six (6) days per week, but his work hours increased dramatically and included Monday through Friday from 7:00 a.m. to 7:00 p.m., and Saturday from 5:00 p.m. to 12:00 a.m. Based on this schedule, Plaintiff Garcia was schedule to work and did regularly work sixty-seven (67) hours per week at Defendants' valet parking business between April, 2018 and September, 2018.

18. For his final two months of work, from approximately October, 2018 through December 1, 2018, Plaintiff worked additional hours on Saturday, typically from 11:00 a.m. to 12:00 a.m., for a total of approximately seventy-three (73) hours of work performed each week by Plaintiff Garcia for Defendants' valet parking business.

19. Defendants elected to claim a tip credit by paying Plaintiff Garcia and other valet parking attendants, a lower direct wage and using tips to make up the difference between direct wages and the minimum wage.

20. During the relevant period, Defendants paid Plaintiff the tip credit rate of $9.00 per hour and paid these wages with unreported cash.

21. Defendants paid Plaintiff his straight time hourly rate of pay for all hours worked in a workweek, including those in excess of forty (40).

4

22. Defendants did not pay Plaintiff Garcia, and other valet parking attendants, an overtime premium for hours worked in excess of forty (40) in individual workweeks as required for employers that avail themselves of the tip credit.

23. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code § 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

24. Upon information and belief, Defendants failed to post, and keep posted, FLSA, IMWL and CMWO notices pursuant to 29 C.F.R. § 516.4 and 820 ILCS § 105/9 and Ill. Adm. Code § 210.700.

**COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated current and former valet parking attendants that worked for Defendants valet parking business during the last three years before the filing of this suit.

26. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former valet parking attendants, have had substantially similar job descriptions, job requirements and pay rates.

27. Plaintiff, and all other similarly situated current and former valet parking attendants, worked more than forty (40) hours in individual workweeks and did not receive an overtime premium for hours worked in excess of 40 in a workweek.

28. Plaintiff, and all other similarly situated current and former valet parking attendants, were subject to Defendants' common policy and plan to violate the FLSA by

willfully refusing to pay an overtime premium to valet parking attendants when they worked in excess of forty (40) hours in an individual workweek.

29. During the last three years before the filing of this suit, Defendants had a common policy and practice that consisted of never paying an overtime premium to the named Plaintiff and other similarly situated current and former valet parking attendants for any hours worked in excess of forty (40) in a workweek.

30. Defendants at all times failed to pay Plaintiff, and other similarly situated valet parking attendants, an overtime premium, including at the time and a half overtime rate required for tip-credit employees, when they worked more than forty (40) hours in an individual workweek.

31. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provision.

32. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

33. There are numerous similarly situated current and former valet parking attendants who worked for Defendants' valet parking business and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

34. The similarly situated current and former valet parking attendants are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

35. Plaintiff hereby incorporates paragraphs 1 through 34 as though stated herein.

36. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

37. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

38. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

39. Defendants, Valet Parking Professionals LLC and Absolute Valet Parking Corp. each are an "enterprise" within the meaning of the FLSA, 29 U.S.C. §203 (a)(1), and each Defendant operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 §203(s)(1)(a). Defendants further constitute a single enterprise under the FLSA.

40. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and the other valet parking attendants worked more than forty (40) hours, Defendants were obligated to pay them an overtime premium at the time and a half rate required for tip-credit employees for all hours worked over forty (40) in a workweek.

41. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

42. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff and other current and former valet parking attendants were scheduled to work and did regularly work more than forty (40) hours in a work week. In order to conceal their overtime violations, Defendants paid Plaintiff's hours, and the other valet parking attendants' hours, including overtime compensable hours "under the table" in

7

cash. On information and belief, Defendants' cash wage payments were not reported to the appropriate federal or state tax and revenue agencies.

**WHEREFORE**, the Plaintiff, Carlos Garcia Garcia, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Valet Parking Professionals LLC, Absolute Valet Parking Corp. and Luis M. Gonzalez, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the overtime rate for tip-credit employees for all hours which Plaintiff worked in excess of forty (40) hours per week;

- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

- D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

43. Plaintiff hereby incorporates paragraphs 1 through 24 as though stated herein.

44. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

45. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

46. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

47. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to Plaintiff an overtime premium at the

8

time and a half rate required for tip-credit employees for all hours worked over forty (40) in a workweek.

48. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Carlos Garcia Garcia, prays for a judgment against Defendants Valet Parking Professionals LLC, Absolute Valet Parking Corp. and Luis M. Gonzalez, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the overtime rate for tip-credit employees for all hours which Plaintiff worked in excess of forty (40) hours per week;
- B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;
- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and
- D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

49. Plaintiff hereby incorporates paragraphs 1 through 24 as though stated herein.

50. Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

51. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

52. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to Plaintiff an overtime premium at the time and a half rate required for tip-credit employees for all hours worked over forty (40) in a workweek.

53. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

**WHEREFORE**, the Plaintiff, Carlos Garcia Garcia, prays for a judgment against Defendants Valet Parking Professionals LLC, Absolute Valet Parking Corp. and Luis M. Gonzalez, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the overtime rate for tip-credit employees for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: February 8, 2018

Respectfully submitted,
Carlos Garcia Garcia
Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and known,

/s/ Timothy M. Nolan
_____
One of the attorneys for the Plaintiff

Timothy M. Nolan (No. 6194416)
Samuel D. Engelson (No. 6326863)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
sengelson@nolanwagelaw.com