# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARLOS GARCIA GARCIA, an individual, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>VALET PARKING PROFESSIONAL, LLC, et al.<br>Defendants. | Case No. 19-cv-00828<br><br>Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Defendants Valet Parking Professional, LLC and Luis M. Gonzalez (together, "defendants") seek to vacate the order of default or, alternatively, seek amendment of the default judgment entered against them. For the reasons discussed below, the Court denies defendants' motion.

**Background**

On February 8, 2019, plaintiff Carlos Garcia Garcia ("Garcia") filed his collective action complaint against Valet Parking and Gonzalez, the owner and manager of Valet Parking, alleging failure to pay overtime wages in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Chicago Minimum Wage Ordinance.[1] (Dkt. 1.) Defendants were served on March 20, 2019, making their answers due April 10. Neither defendant answered the complaint. On April 16, Garcia moved the Court to find defendants in default under Federal Rule of Civil Procedure 55(a) for failure to answer or otherwise plead, which the Court granted on April 23. A prove-up hearing was scheduled for May 14. Garcia then sought a default judgment in the amount of $24,816.25. On May 8, counsel for defendants entered an appearance but did not attend the May

---

[1] Garcia also named a third defendant, Absolute Valet Parking Corp., which filed for bankruptcy protection in June 2019. Garcia voluntarily dismissed Absolute after learning that the bankruptcy trustee identified no property available for distribution to creditors. (Dkt. 1, 36.)

14 hearing, which the Court then continued to May 17. On May 16, defense counsel filed a motion for extension of time to file a responsive pleading but, notably, did not move to vacate the entry of default, did not file a response to the motion for default judgment, and did not appear at the May 17 hearing. The Court continued both defendants' motion and the prove-up hearing to the following week. On May 22, with defense counsel finally present, the Court again postponed ruling on Garcia's motion for default judgment to allow the parties an opportunity to resolve the case. At a June 5 hearing--after Garcia's counsel reported that defendants had not responded to his settlement demand or otherwise communicated with him--the Court granted the motion for default judgment and issued a separate order explaining in detail its reasons for doing so. (Dkt. 28.) Currently before the Court is defendants' "Rule 60(b) Motion to Vacate Default and For Leave to File Answer and Affirmative Defenses Instanter; and, Alternatively, Defendants' Motion to Amend Judgment."

**Legal Standard**

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Rule 60(b)(1) permits relief from judgment on ground of "mistake, inadvertence, surprise, or excusable neglect." *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004). To receive relief from default under either rule, defendants bear the burden of establishing: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). This test "establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). The elements for relief under Rules 55(c) and 60(b) are substantially the same but the standards are applied more stringently when considering a Rule 60(b) motion. *See Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 368 (7th Cir. 1983). Although the Court considers the well-established principal of favoring a trial

on the merits over a default judgment, relief from a judgment under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); *see also McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000).

**Discussion**

Defendants argue that they meet Rule 60(b)'s good cause requirement because Gonzalez could not read sufficient English to understand the legal documents served upon him, he did not have a realistic expectation as to the severity of the complaint, he had traveled out of the country several times between February and May 2019, and Garcia allegedly failed to properly serve the motion for default judgment. Defendants also argue, inter alia, that they filed their Rule 60(b) motion in a timely manner and that they have meritorious defenses to each of Garcia's claims. (R. Doc. 29.) Garcia contends that the default judgment was the result of defendants' willful indifference to this case, that defendants did not act timely in the face of the default order, and that they have articulated no meritorious defense to his wage claims. He also asserts that because Gonzalez has acted as a registered agent for multiple Illinois corporations and was charged with receiving legal notice and service of process for those businesses, he cannot claim ignorance as to the significance of legal process served properly on him in this case. (Dkt. 32.)

The Court finds that defendants have not shown good cause for their default and thus miss the first step of the Rule 60(b) analysis. *See Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 861 (7th Cir. 2016) (movant cannot satisfy its burden to show that the default judgments should be set aside where it could not establish good cause for the defaults). Here, defendants do not contest that they were properly served on March 20 nor that they were required to file answers by April 10. The Court entered an order of default on April 23 and, though defense counsel filed an appearance on May 8, defendants never moved to vacate the default order, but rather filed a motion to extend the time to file responsive pleadings. Despite the Court having rescheduled court hearings to allow

3

defendants an opportunity to participate in this litigation, defense counsel failed to appear when necessary. Based on this record, the Court finds that defendants have shown carelessness, willful disregard, and negligence as to these proceedings, but have not established the "excusable neglect" necessary to disturb the default judgment in this case. *See Jones*, 39 F.3d at 164 (excusable neglect requires "extraordinary circumstances . . . or at least the absence of any willful disregard for duties, simple carelessness, or negligence before a default judgment will be vacated"). Defendants therefore cannot pass the three-part test required to vacate an entry of default under Rule 55(c) because they needed to meet all three requirements, and they failed to meet two. Further, because defendants fail "to establish good cause for vacating the original entry of default" under Rule 55(c), they "clearly cannot satisfy the more stringent requirements for relief from the default judgment under Rule 60(b)." *Chrysler Credit Corp.*, 710 F.2d at 368.

Defendants alternatively ask the Court to amend the judgment to bifurcate liability as to each defendant for a proportionate share of damages. That request is denied because the statutes under which Garcia brought his claims provide for joint and several liability against all defendants, including individual defendants. *See, e.g.,* 29 C.F.R. § 791.2(a).

**Conclusion**

Because the Court finds that defendants have not demonstrated good cause for their failure to answer or otherwise plead, the motion to vacate or, alternatively, to amend the judgment [29] is denied. Civil case terminated.

**IT IS SO ORDERED.**

Date: 2/13/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge